Nott, J.
This defendant has been indicted and convicted of forgery. And a motion is now made for a new trial on two grounds. 1st. Because the facts proved do not amount to forgery. 2d, Because the evidence did not support the indictment,
The indictment charges the defendant with having forged a note on a bank, incorporated by the name of “ The President and Directors of the Bank of South-Carolina,” when it does not appear to the court that there is any such bank. But on the contrary, it appears that the bank on which this note is „ ... forged is incorporated by the name of “ The Bank of South-Carolina.” The indictment further charges the defendant with altering the same bill, knowing it to be forged ; but if no forgery has been commit- ° J ' *670 ted in making or altering it, there could be no felony in passing. 1st, The forgery, if any, consists first, in cutting the letters “ ve” out of the word “ five” in the body of a five dollar bill. 2nd, In tearing the same letters from the word “ five,” in the end margin of the bill. 3rd, In tearing off the word five” from the lower margin. 4th, In cutting out the figure (“ 5”) in the same margin. And lastly in stamping or printing the figures (50) in a black ground on the same margin of the bill, thereby representing it as a fifty dollar bill, and then passing it as such.
It has already been observed, that, if the alterations above enumerated do not constitute forgery^ uttering the bill afterwards was no felony: but it is high evidence of the intention with which the alterations were made. According to East, e< ma. i( king a fraudulent insertion, alteration, or erasure “ in a material part,” is forgery. 2 East, C. L. 853. 855. Altering the word “ five” in the body of the bill, was certainly altering it in a material part: and the verdict of the jury is conclusive as to the intention.
But it is contended, that the alteration must be such, as to give it a new operation °, and that striking out the letters “ ve” in the word “ five” destroys its operation altogether, or leaves it just as it was, and in either case it was no forgery. But it has altered its operation. It has rendered that doubtful which was certain before, and rendered the bill sus- *671 feeptlble of the deceit which was effected by the marginal alterations. Changing a larger to a smaller sum may be a forgery, when it; is done with an intention to defraud : as reducing the sum due by ° " note, to give jurisdiction to a court,, where the proceedings are . more prompt, and the recovery more speedy, or where any other advantage may be gained, by it.
But let it be admitted, that simply striking out the letters ve” in the body of the note would not constitute forgery, it does not follow that forgery has not been committed in this case. This leads us to the consideration of the materiality of the marginal emblems and figures. It is contended, that they make no part of the note, and, therefore, are not material. And to this point is cited 1 Massachusetts Reports, 62. do. 203. If it is to be understood by those cases, that the figures, letters or emblems in the margin of a note or bill, are, in all cases, to be considered as utterly immaterial, I am not prepared to give my assent to the doctrine. They may have been so in the cases then before the court: I admit they are not necessary to the validity of a note. It is equally obligatory without them. Nevertheless, as all banks employ them as indicia, by which they ascertain the amount of a note, other-ways defaced, and detect forgeries, they can not be considered as immaterial.
Perhaps it would not be going too far, to say a forgery may be committed by an alteration in the *672 margin alone. Suppose the principal sum in the body of a bill to be obliterated by accident, and a person should alter the marginal figures and era-blems, or make others so as to give it a different op - eration, with an intention to defraud: or should even counterfeit the private marks, by which, the bank might be defrauded, I am not prepared to say it would not be forgery. It certainly would come Within the mischief intended to be prevented by the act.
With respect to the cases cited to shew, that putting false marks or brands on a barrel or other vessel is only swindling, they do not apply. The marks or figures put on a barrel of flour, or pipe of wine, constitute no part of the value of the article itself. They make the quantity neither more or less. And the purchaser may ascertain the truth by actual weight or measurement, if he chooses., But the value of a bank note consists in the sum it professes to represent. The intrinsic value of the paper and ink of a five dollar bill is as great as that of fifty dollars.
Besides, forgery may sometimes consist of several acts, each of which taken sepárately, would be no crime. For instance, to constitute a deed, the writing of the instrument, the signature and the seal of the party are all necessary. Therefore counterfeiting either, unconnected with the other, would be no offence. So, altering the figures and words in the tnargin of a bank note, while they remained unaltered in the body of it, would not, probably, be 'consul- *673 tied forgery. And perhaps it might be so held, Where the principal sum was altered in the body of the bill, if the true sum remained printed at large in fair characters in tw a places in the margin, and figures representing the same stamped in a third place; unless the particular words of the .act should require a different decision: Because the imposition could not be effected, while the face of the bill afforded such an equivocal means of detecting the fraud. But where they all concur as in this case, the offence is complete»
2nd, But bn the second ground) Í am of opinion the defendant is entitled to a new trial. He is indicted for forging a note on a bank, incorporated by the name of the “ President and Directors of the Bank of South-Carolina;” whereas, the note given in evidence is on a bank incorporated by the name of “ the Bank of South-Carolina.” The evidence therefore, does not support the indictment: And the ■words “President and Directors of” can not be considered as surplusage merely. If that were permitted, a person might be indicted for forging a note or bill on one bank, and convicted of forging one on another. For instance, there is a bank in this state incorporated by the name of “ the Bank of South-Carolina.’* There is another, incorporated by the name of the “Bank of the State of South-Carolina.”- Striking the words “ the State of” out of the latter, would convert it into the former. The name of a person or body corporate on which a paper is forged, ought to be set out with exact precision. As where an in- *674 dietment profe,sses to set out a writing secundum te-norem, an error in a single word is fatal. The de-fen(j,ant is entitled to a new triaL
Justices Smith and Bay concurred.